Hockenbury v. Alpaugh.

WILLIAM H. HOCKENBURY, APPELLANT, ADS. PETER AL-
PAUGH, APPELLEE.

1. When, upon an appeal taken, the justice has neglected to certify his
   transcript, the appellant is entitled to a rule upon him to amend.
2. If the appellant has been prevented from obtaining such rule through
   surprise, and without any fault of his own, in consequence of which
   his appeal has been dismissed, a *mandamus* will issue to the court
   below, directing that the appeal be reinstated.

On rule to show cause why a *mandamus* should not be
awarded, commanding the Court of Common Pleas of the
county of Hunterdon to reinstate an appeal.

Argued before DALRIMPLE, DEPUE, and VAN SYCKEL,
Justices.

For rule, *J. R. Emery.*

Contra, *Mercer Beasley, Jr.*

The opinion of the court was delivered by

VAN SYCKEL, J. The court below dismissed the appeal
because the justice had neglected to certify his transcript;
of which action the appellant complains because the court
refused to grant him a rule upon the justice to amend.

Affidavits taken on the part of the appellant show, that
at the opening of the court on the 2d day of February
last, the appellant's counsel moved for a rule upon the justice
to certify his transcript, which motion he was requested by
the court to renew, when the appellee's counsel should come
into court, and to this he assented, upon condition, as he un-
derstood it, that his application should then be granted.
The motion, when subsequently renewed, the same day in the
presence of the adverse counsel, was denied, and the appeal
dismissed. It sufficiently appears that the defect, upon

which the dismissal rests, could have been cured without occasioning any delay, if the motion had been granted when first made, and that the appellant has been deprived of a trial of his cause without any fault of his own.

If the rule had been ordered when first applied for, and the justice's return had not been procured before the appeal was peremptorily called, a different case would be presented.

The affidavits are competent to show a case of surprise, and their admissibility is not in conflict with *Scott* v. *Beatty*, 2 *Zab*. 256, or *Paterson and Ramapo Railroad Company* v. *Ackerman*, 4 *Zab*. 535. If the appellant had not understood that his application was to be granted at a later hour, he would have insisted upon having the rule when first asked for, and might have perfected his transcript in due season.

The rule to show cause must be made absolute.

*Mandamus* awarded.